IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR544** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JAVIER RODRIGUEZ-LARA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 29). The government has adopted the PSR yet stands by the plea agreement. (Filing No. 28.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 26 insofar as a downward adjustment for the safety valve was not given. The Defendant's objection, filed after the government's adoption of the PSR, states that the parties stipulate that the Defendant has fulfilled all of the requirements and is eligible for protection of the safety valve.

The plea agreement includes a Rule 11(c)(1)(C) provision requiring base offense level 30 based on 350-500 grams of a mixture or substance containing methamphetamine. The PSR, however, states that the Defendant is responsible for 104.4 grams of actual methamphetamine resulting in base offense level 32.

IT IS ORDERED:

1. The Court's Tentative Findings are that the Defendant's Objections to the Presentence Investigation Report (Filing No. 29) are granted;

2. The Court tentatively finds that the plea agreement should be upheld, absent unusual circumstances;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 19th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge